# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JEFFREY A. HOLDEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | Case No. CIV-18-0479-F |
| | ) | |
| HECTOR RIOS, JR., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This action is brought by plaintiff Jeffrey A. Holden, a state prisoner, under 42 U.S.C. § 1983. After initial screening, Magistrate Judge Gary M. Purcell issued a Supplemental Report and Recommendation (Supplemental Report, doc. no. 13) on July 13, 2018, recommending dismissal under 28 U.S.C. § 1915A(a) and (b). Plaintiff appears *pro se* and his pleadings are liberally construed.

Plaintiff objects broadly to the Supplemental Report (although he concedes a few matters). Doc. no. 14. All objected to matters have been reviewed *de novo*, including those not addressed in this order. A few of plaintiff's more specific objections are addressed below.

Plaintiff argues that contrary to the statement in the Supplemental Report, he filed an amended complaint. Plaintiff apparently refers to doc. no. 12, entitled "Amendment to Claim and Brief in Support." That document is not a short and plain statement of the claim. It includes no numbered paragraphs and is best characterized as a memorandum or brief rather than as an amended complaint. More importantly, the magistrate judge considered this document when he authored the Supplemental Report. This is apparent because the Supplemental Report cites this document

several times and also cites exhibits to this document. The undersigned has also considered this document. The court finds no error with respect to the magistrate judge's handling of doc. no. 12.

Plaintiff objects to the date identified in the Supplemental Report as the date on which plaintiff arrived at the Lawton Correctional Facility (LCF). Plaintiff states the correct date is June 30, 2017, not February 26, 2018 (the date stated in the Supplemental Report). The Supplemental Report describes February 26, 2018 as the date of plaintiff's arrival at LCF in reliance on doc. no. 12-3, a document submitted by the plaintiff. (Doc. no. 12-3 refers to plaintiff's "arrival at LCF on 02/26/18….") Even if this date is incorrect and plaintiff, in fact, arrived at LCF on June 30, 2017, this fact would not change the results stated in the Supplemental Report.

Plaintiff also objects to the Supplemental Report, contending that it incorrectly indicates the drug abuse treatment program (for which plaintiff is not yet qualified, based on the number of days of his sentence he has yet to serve) exists at LCF. The Supplemental Report, however, does not specify at what facility the treatment program exists. Rather, the Supplemental Report notes the existence of a treatment program into which plaintiff could presumably transfer upon meeting eligibility requirements. Moreover, plaintiff has identified no eighth amendment right to a drug treatment program at the same facility where he is now incarcerated, as opposed to at another facility to which he would transfer when eligible for that program.

For these and other reasons, plaintiff's objections to the Supplemental Report are **DENIED**. The court agrees with the findings in the Supplemental Report, which is **ADOPTED**, **ACCEPTED** and **AFFIRMED**. As recommended in the Supplemental Report, plaintiff's federal claims are **DISMISSED** for failure to state a claim upon which relief can be granted. To the extent that plaintiff intended to

assert any state law claims, the court declines to exercise supplemental jurisdiction as to those claims. All claims have been disposed of and this action is **DISMISSED**.

IT IS SO ORDERED this 17th day of August, 2018.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

18-0479p002.docx